UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETH NERI, et al., | Case No.: 3:13-cv-5180 KAW |
|         Plaintiffs, | ORDER GRANTING PETITION TO APPOINT GUARDIAN AD LITEM |
|       v. | |
| THE TENNIS VILLAS AT BLACKHAWK ASSOCIATION, INC. et al., | |
|         Defendants. | |

## I.      BACKGROUND

Plaintiffs Seth Neri, Carolyn Neri, and minors Z.N., J.N., and L.N. commenced the above-captioned case on November 8, 2013.  (Compl., Dkt. No. 1.)  They assert causes of action based on alleged violations of the federal Fair Housing Act, the California Fair Employment and Housing Act, and various other state laws.  (*Id.* at 1.)  Plaintiffs aver that defendants engaged in housing practices with the purpose or effect of discriminating against them based on familial status.  *(Id.)*

Plaintiff Carolyn Neri now petitions the court for an order appointing her as guardian ad litem for her three minor children, Z.N., J.N., and L.N.  (Petition of Carolyn Neri for Appoint. of Guardian Ad Litem, Dkt. No. 2.)  The petition is granted for the reasons set forth below.

## II.      LEGAL STANDARD

"A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action."  Fed. R. Civ. P. 17(c)(2).

An individual's capacity to sue is determined "by the law of the individual's domicile." FED. R. CIV. P. 17(b).  Under California, an individual under the age of eighteen is a minor.  CAL. FAM. CODE § 6502(a)(2).  A minor may bring suit as long as a guardian conducts the proceedings.  *Id.* § 6601.  In deciding whether to appoint a guardian ad litem, the court must consider whether the minor and the guardian have divergent interests.  CAL. CIV. PROC. CODE § 372(b)(1).  When there is no conflict of interest, the guardian ad litem appointment is usually made on an ex parte application and involves minimal exercise of discretion by the court.  *Kulya v. City and County of San Francisco,* No. C 06-06539 JSW, 2007 WL 760776, * 1 (N.D. Cal. Mar. 9, 2007) (citation omitted).  "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation."  *Williams v. Superior Court*, 147 Cal. App. 4th 36, 50 (2007).

## III.    DISCUSSION

Neri's children, Z.N., J.N., and L.N. were born 2001, 2002, and 2010, respectively. (Petition ¶ 2.)  They are thus under the age of eighteen and minors under California law.  *See* CAL. FAM. CODE § 6502(a)(2).  Their ability to bring suit is therefore contingent upon the appointment of a guardian ad litem.  *See id.* § 6601.  Neri, the children's natural mother, may serve as the minors' guardian ad litem so long as she does not have an interest adverse to theirs. *See Williams*, 147 Cal. App. 4th at 50.

The court finds that the appointment of the proposed guardian ad litem is in the minors' best interests.  Neri and her minor children complain of the same injury and seek the same relief. Their interests in this case are aligned and not in conflict, and Neri would act to protect their rights.  *See Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd*, 212 F. 3d 1338, 1351-53 (11th Cir. 2000) "[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c).").

//

//

//

United States District Court
Northern District of California

2

## IV.    CONCLUSION

For these reasons, Plaintiff Carolyn Neri's petition is granted.

IT IS SO ORDERED.

Dated: November 19, 2013

_____
KANDIS A. WESTMORE
United States Magistrate Judge