# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAIR HOUSING COUNCIL OF CENTRAL CALIFORNIA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>EPHESIANS MANAGEMENT &, HOLDING, LLC, et al.<br>Defendants. | 1:09cv0682 AWI DLB<br><br>FINDINGS AND RECOMMENDATIONS REGARDING MOTION FOR APPROVAL OF MINORS' COMPROMISE<br><br>(Document 33) |

Plaintiffs/Petitioners Anna Arias, Shonda Gant, and LaTisha Woods ("Plaintiffs") filed the instant motion for approval of minors' compromise on February 19, 2010. The motion was heard on March 19, 2010, before the Honorable Dennis L. Beck, United States Magistrate Judge. Christopher Brancart appeared on behalf of Plaintiffs and Plaintiff Fair Housing Council of Central California. Ms. Arias, Ms. Gant and Ms. Woods also appeared. Defendants Joe Lee, Ephesians Management and Holdings, LLC., and Michele Mesta ("Defendants") did not appear and did not oppose the motion. The matter was submitted to the undersigned for Findings and Recommendations to the District Court.

## BACKGROUND

There are a total of 11 minors in this action, all of whom are represented by their mothers as their Guardian ad Litems:

| Initials | Age | Sex | Mother/Guardian ad Litem |
|---|---|---|---|
| N.M. | 13 | Male | Anna Arias |
| M.D. | 8 | Male | Anna Arias |
| G.D. | 7 | Female | Anna Arias |
| J.J. | 11 | Male | Shonda Gant |
| J.J. | 15 | Female | Shonda Gant |
| J.J. | 6 | Male | Shonda Gant |
| J.W. | 16 | Male | LaTisha Woods |
| L.M. | 13 | Female | LaTisha Woods |
| L.M. | 12 | Female | LaTisha Woods |
| J.M. | 8 | Female | LaTisha Woods |
| T.T. | 2 | Male | LaTisha Woods |

Plaintiffs in this action are the Arias Family, the Gant Family, the Woods Family and the Fair Housing Council of Central California. The action arises from the alleged discriminatory housing practices at La Casa Elegante, a Fresno apartment complex owned by Defendants Joe Lee and Ephesians Management and Holdings. Defendant Michele Mesta is employed by Lee and Ephesians Management as La Casa Elegante's resident manager.

Anna Arias alleges that she tried to rent an apartment at La Casa Elegante for herself and her three children, N.M., M.D., and G.D. She further alleges that Defendants refused her rental application, telling her that they did not want to rent to families with children any more.

Shonda Gant and her three children, J.J., J.J., and J.J., were living at La Casa Elegante when they were issued several threatening warning notices prohibiting children from playing outside and threatening violators with eviction. Although the Gant family was not evicted, Ms. Gant alleges that she was afraid to let her children play outside.

LaTisha Woods alleges that she and her five children, J.W., L.M., L.M., J.M. and T.T., were living in an apartment at La Casa Elegante. Defendants issued several threatening warning notices prohibiting children from playing outside and threatening violators with eviction. Defendant Lee also called Ms. Woods and told her she would have to leave because of her children. The Woods family left the complex before Defendants evicted them.

All three families contacted the Fair Housing Council of Central California. The Council investigated, using housing testers, and confirmed Plaintiffs' allegations.

Plaintiffs filed this action on April 14, 2009, alleging causes of action under the Fair Housing Act, the California Fair Employment and Housing Act, the California Unruh Civil Rights Act, and California Business & Professions Code section 17200, et seq. The Woods and Gant families also alleged constructive eviction.

On January 29, 2010, Plaintiffs filed a notice of settlement. Plaintiffs filed this motion on February 19, 2010. Defendants did not file an opposition.

Plaintiffs seek approval of a total settlement amount of $72,000, plus non-monetary relief.[1] Plaintiffs request that the Fair Housing Council receive $10,000, and that each family receive $11,400. Plaintiffs further request that Brancart & Brancart, counsel for all Plaintiffs, receive attorneys' fees and costs in the amount of $27,800.

**DISCUSSION**

This Court's Local Rule 202 addresses settlements for minors and provides in pertinent part:

> (b) Settlement. No claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise.
>
> . . .
>
> (2) . . . The application shall disclose, among other things, the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent. If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court. The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances. Reports protected by an evidentiary privilege may be submitted in a sealed condition to be reviewed only by the Court in camera, with notice of such submission to all parties.

---

[1] The settlement includes an agreement that for a two year period, Defendants will (1) abide by fair housing laws; (2) distribute a HUD-903.1 pamphlet to each resident and applicant; (3) attend fair housing training at least once per year; (4) post a fair housing poster in the rental office or other prominent location; (5) distribute revised tenant rules; and (6) retain copies of all rental documents.

> (c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.
>
> . . .
>
> (e) Payment of Judgment. Whenever money or property is recovered on behalf of a minor or incompetent person, the money or property will be (1) disbursed to representative pursuant to state law upon a showing that the representative is duly qualified under state law, (2) disbursed otherwise pursuant to state law, or (3) disbursed pursuant to such other order as the Court deems proper for the protection of the minor incompetent person.

Federal Rule of Civil Procedure 17(c) empowers a district court to make an "appropriate order" to protect a minor. "Federal courts generally require that claims by minors . . . be settled in accordance with applicable state law. California law requires court approval of the fairness and terms of the settlement." Schwarzer, Tashima & Wagstaffe, California Practice Guide, Federal Civil Procedure Before Trial, § 15:138 (2009). A settlement for a minor and attorney fees to represent a minor must be approved by the court. Cal. Prob. Code § 3601; Cal. Fam. Code § 6602. Reasonable expenses and court costs to be paid out of the settlement also must be approved by the court. Cal. Prob. Code § 3601.

The present petition includes the information required by this Court's Local Rule 202(b)(2) and (c) to address the details of the proposed compromise. Plaintiffs state that none of the minor children suffered physical or permanent injuries and none are receiving ongoing treatment. Plaintiffs believe that this is a fair, reasonable settlement that is in the best interests of the minor Plaintiffs. Declaration of Anna Arias ("Arias Dec."), ¶ 5; Declaration of Shonda Gant ("Gant Dec."), ¶ 5; Declaration of LaTisha Woods ("Woods Dec."), ¶ 5.

Plaintiffs also understand that they are waiving any of the minors' future claims. They believe that this is a fair settlement and have agreed to its terms.

All Plaintiffs are represented by Christopher Brancart of Brancart & Brancart. Counsel has not received any attorneys' fees or other compensation for services provided in this matter. Declaration of Christopher Brancart, ¶ 13. Mr. Brancart expects to receive attorneys' fees in the

amount of $27,369 and costs in the amount of $431. In light of the parties' agreement to the terms of settlement, the Court finds the request for attorneys' fees and costs to be reasonable.

Plaintiffs believe that it is in the best interests of the minors to have each families' share of $11,400 distributed in one lump sum to the mothers. The Court finds this to be a reasonable request.

**CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, the Court RECOMMENDS as follows:

1. The Motion for Approval of Minor's Compromise be GRANTED;
2. The Proposed Consent Decree, setting forth the terms of the settlement and requesting that the Court retain jurisdiction for a two-year period to ensure enforcement of the equitable relief, be ISSUED; and
3. The total amount of the settlement, $72,000, be distributed as follows:
   a. Attorneys' fees and costs in the total amount of $27,800 be paid to Brancart & Brancart;
   b. The Arias Family's share of $11,400 be distributed directly to Plaintiff Anna Arias; the Gant Family's share of $11,400 be distributed directly to Plaintiff Shonda Gant; and the Woods Family's share of $11,400 be distributed directly to Plaintiff LaTisha Woods; and
   c. Plaintiff Fair Housing Council of Central California's share of $10,000 be distributed directly to the entity.

These Findings and Recommendations are submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 631 (b)(1)(B) and Rule 302 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen (14) days after being served with a copy, any party may serve on opposing counsel and file with the court written objections to such proposed findings and recommendations. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within

fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1).

IT IS SO ORDERED.

**Dated: March 23, 2010**

**/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE